UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Dennis Tyrone Hamilton,     ) C/A No. 9:12-478-MBS-BM
                            )
           Plaintiff,       )
                            )
vs.                         ) Report and Recommendation
                            )
State of South Carolina;    )
County of Charleston, and   )
Sheriff Al Canon,           )
                            )
           Defendants.      )
_____

This is a civil action filed *pro se* by a detainee at the Charleston County Detention Center (CCDC). He filed a three-page Complaint with this Court in which he states that he seeks recovery of $ 350,000.00 in damages for " "cruel and unusual punishment" in the form of "false imprisonment, wrongful incarceration, malicious prosecution (2 year incarceration)." (ECF No. 1, Compl. 2). He does not provide any factual background for the claims he seeks to assert. For example, he does not state when he was arrested, what he was arrested for, what the circumstances surrounding the arrest were (such as whether it was with a warrant or without a warrant, or as the result of a search, etc.), or any other facts about the arrest itself. Although he states that he has been incarcerated for two years, he does not provide any facts about the conditions under which he has been incarcerated, he does not state what criminal charges are pending against him, and he does not allege what, if any, state court proceedings he has been involved in since his arrest.

In short, there is nothing of substance, factually, anywhere in his Complaint. Instead, the major portion of all the allegations made in the Complaint consists of legal conclusions such as



his allegations of "false arrest" and "malicious prosecution," coupled with assertions that he is being subjected to "cruel and unusual punishment" and denied of his "due process rights." Without supporting factual allegations, however, these legal conclusions fail to state any type of claim upon with relief may be granted and require summary dismissal of Plaintiff's *pro se* Complaint without service on any Defendant.

## Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Further, *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). Such is the case here.

## Analysis

The Complaint submitted by Plaintiff is subject to summary dismissal because it is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short



and plain statement[s]" of the basis for the court's jurisdiction and of the basis for Plaintiff's claims against the named Defendants. As stated above, Plaintiff fails to provide the Court with any factual background for the claims he attempts to raise in this case. Although he has named three Defendants and broadly claims that they violated his constitutional rights, falsely arrested him, and are maliciously prosecuting him on undisclosed criminal charges, he does not state what, exactly, each Defendant did or what actions they took against him that resulted in the alleged constitutional violations. Although he claims that he is being subjected to cruel and unusual punishment and that his due process rights are being violated, Plaintiff does not provide any kind of factual information about when, where, or how these supposed violations took place or who committed them. As a result, it is impossible to determine which, if any, allegations of wrongdoing are made with respect to each Defendant. The Complaint consists almost entirely of bald, conclusory claims of constitutional violations committed by unknown persons, in unknown ways, and at unknown times or places.

While the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, the plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) [internal citations omitted]. Even with respect to a *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)[affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face]; *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)[same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"]). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se*

3



litigants; *see Beaudett v. City of Hampton*, 775 F. 2d at 1278; *Gordon v. Leeke*, 574 F.2d at 1151, and due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants, the Complaint submitted in this case fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)[statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless]; *Weller v. Dep't of Soc. Servs.*, 901 F.2d at 389 [dismissal proper where there were no allegations against defendants]; *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)[dismissing a *pro se* complaint for improper pleading]; *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Moreover, even if Plaintiff had provided sufficient facts to support his constitutional violation claims, the Complaint would still be subject to summary dismissal as to Defendant State of South Carolina because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. *See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 627 (1999); *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44 (1996); *Ala. v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 61-71 (1989); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S. C. Dep't of Soc. Servs.*, 562 F. Supp. 579, 583-585 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corrs.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens].



Also, to the extent that Plaintiff sues Charleston County based on something that happened to him in state court or during or after his arrest, even if it had sufficient factual support, the Complaint would be subject to dismissal as to this Defendant. Charleston County cannot be held responsible for actions taken by the Magistrate's Court, the Court of Common Pleas, the Family Court, or the Court of General Sessions (Circuit Court) for Charleston County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Art. V, § 1, S.C. Const.; Act No. 58, 1973 S.C. Acts 161; *State ex rel. McLeod v. Civil & Crim. Ct.*, 217 S.E. 2d 23, 24 (S.C. 1975). Under the current version of the South Carolina Constitution, the Supreme Court of South Carolina, not Charleston County, retains the *sole* authority to supervise courts in Charleston County. *See Spartanburg County Dept. of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875-76 (S.C. 1988). By virtue of Article V, Charleston County does not exercise administrative or supervisory authority over any of the courts of the State of South Carolina located within the geographical boundaries of Charleston County. Thus, any claim that Charleston County is responsible for what has happened in court fails to state a claim on which relief may be granted.

The same is true as to any allegations against Charleston County that might be based on something that happened to Plaintiff while incarcerated at CCDC or during his arrest. In the absence of allegations that any practice, policy, or custom of Charleston County was the moving force behind any violation of his constitutional rights, no claim is stated against the County based on something that happened in the CCDC or during or as a result of Plaintiff's arrest. In order to maintain a 42 U.S.C. § 1983 municipal liability claim against a county or city, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official



practice, policy, or custom of the municipality. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Plaintiff does not specifically mention Charleston County except in the caption of his Complaint, he otherwise makes no allegations against this entity in his Complaint, nor does he allege that any of the conduct or actions of which he complains were the result of any custom or policy of Charleston County. Therefore, even if the Complaint had sufficient factual allegations to state a claim against one of the other Defendants, it would still be subject to dismissal as to the County. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980) [in order to maintain a claim under § 1983, a plaintiff must show, in part, that a named Defendant deprived him or her of a federal right].

Finally, to the extent that Charleston County Sheriff Al Cannon is sued for something that happened to Plaintiff during his arrest or his incarceration at CCDC, in the absence of factual allegations showing that Defendant Cannon was personally involved in wrongdoing or had sufficient actual personal knowledge of the wrongdoing of law enforcement officers or others under his supervision, no viable § 1983 claim for constitutional violations is stated. Although there is a limited exception to the prohibition against imposing liability on supervisory personnel in § 1983 cases under the doctrines of *respondeat superior* or vicarious liability which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984), that exception does not operate to save Plaintiff's Complaint from dismissal for failure to state a claim against Defendant Cannon in this case. The *Slaken* exception requires factual allegations showing a "pervasive and unreasonable risk of harm from *some specified source . . .*" coupled with allegations showing that the supervisor's "corrective inaction amounts to deliberate indifference or 'tacit authorization of the offensive [practices].' " 737 F.2d at 373 [emphasis added]. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994). Since there are no factual allegations of any individual wrongdoing or potential



6

supervisory liability for anyone else's wrongdoing on the part of any of the named Defendants, Plaintiff's Complaint fails to state a claim on which relief can be granted against Defendant Cannon. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)[statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless]; *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)[dismissal proper where there were no allegations against defendants].

### **Recommendation**

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 28, 2012
Charleston, South Carolina

7



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

